Wu v. Garland

BIA
Wright, IJ
A206 291 219

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> *Circuit Judges.*

───────────────────────────────────

HONGYU WU,
> *Petitioner*,

v.                                                    18-3470
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

───────────────────────────────────

FOR PETITIONER:        Henry Zhang, Esq., New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Brooke Marie Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hongyu Wu, a native and citizen of the People's Republic of China, seeks review of an October 24, 2018 decision of the BIA affirming an October 11, 2017 decision of an Immigration Judge ("IJ") denying Wu's application for asylum and withholding of removal.[1] *In re Hongyu Wu,* No. A206 291 219 (B.I.A. Oct. 24, 2018), aff'g No. A206 291 219 (Immig. Ct. N.Y. City Oct. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and address only the BIA's conclusion that Wu failed to establish a nexus between the harm he suffered and a protected ground, as required for asylum and withholding of removal. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

---

[1] Wu does not challenge the agency's denial of his request for relief from removal under the Convention Against Torture.

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

An applicant for asylum and withholding of removal must establish "a sufficiently strong nexus" between the harm he suffered or feared harm and a protected ground, here, Wu's alleged political opinion.  *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).  Accordingly, Wu had to prove that his actual or imputed political opinion was "at least one central reason" that the police arrested, detained, and beat him.  8 U.S.C. § 1158(b)(1)(B)(i); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010) (extending "one central reason" standard to withholding claims).

The agency reasonably concluded that Wu failed to make this showing.  Opposition to corruption may constitute a political opinion where it "transcends mere self-protection and represents a challenge to the legitimacy or authority of

the ruling regime." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir. 2005). Wu alleged that the police targeted him because he was planning to appeal a lawsuit that he filed to obtain compensation for damage to his property. Because compensation was his motivation, he did not establish that his actions "transcend[ed] mere self-protection" or were "directed toward a governing institution" as required to demonstrate a political opinion. *Id.* (internal quotation marks omitted). The record reflects that Wu was targeted to cover up "isolated, aberrational acts of greed or malfeasance" not because he was viewed as challenging government institutions. *Id.* at 548. His failure to show that the police targeted him because of a political opinion is dispositive of his petition for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4